UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PT INTERACTIVE,<br><br>  Plaintiff,<br><br>  v.<br><br>TELEVOX SOFTWARE, INC., *et al.*,<br><br>  Defendants. | CASE NO.  C03-3018RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR FEES |

This matter comes before the Court on defendant TeleVox Software's motion for attorneys fees pursuant to the Washington State long arm statute, RCW 4.28.185. (Dkt. #25). Plaintiff has opposed the motion for fees, arguing that because the case was voluntarily dismissed without prejudice, defendant is not a "prevailing party" as required by the statute. (Dkt. #30).

Having reviewed defendant's motion, plaintiff's objections, defendant's reply, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's motion for attorneys fees (Dkt. #25) is GRANTED. Under RCW 4.28.185, a party is entitled to seek attorneys fees if the defendant is "personally served outside the state on causes of action enumerated in this section, and prevails in the action . . . " RCW. 4.28.185(5). Washington State courts have clearly established that even when the plaintiff

ORDER
PAGE – 1

1  voluntarily dismisses its claims, the defendant is considered to be a prevailing party.  As

2  explained in *Anderson v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863 (1973), "where there is a

3  dismissal of an action, even where such dismissal is voluntary and without prejudice, the

4  defendant is the prevailing party." *Anderson*, 81 Wn.2d at 867; *see also Beckman v. Wilcox*, 96

5  Wn. App. 355, 262 (1999).

6      The cases relied upon by plaintiff in its opposition are inapposite to this case. *See, e.g.*,

7  *Washington v. O'Connell*, 84 Wn.2d 602, 605 (1974) (interpreting RCW 4.28.125 as applying

8  to a party who prevails "on the merits").  The Washington Supreme Court has expressly

9  determined that the long arm statute does not require a judgment on the merits in order to

10  recover attorneys fees.  In *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109 (1990), the court

11  explained:

12  > We do not believe this is a proper interpretation of the long-arm statute's fees
13  > award provision. . . . 4.28.185(5) authorizes an award of reasonable attorney
>    fees to a defendant who, having been hailed into a Washington court under the
>    long-arm statute, 'prevails in the action'.  The statute says nothing to suggest
14  > that awards are permitted only when the defendant prevails on the merits.
>    Nor does our case law support a "merits" limitation.

15

16  Scott Fetzer, 114 Wn.2d at 112.  Accordingly, the Court finds that defendant is entitled to

17  attorney fees pursuant to RCW 4.28.185.

18      (2)  Defendant shall submit a separate petition for attorneys fees, setting forth the amount

19  requested with supporting documents for those fees, and properly noting such motion on this

20  Court's motion calendar.

21      (3)  The Clerk is directed to a copy of this Order to all counsel of record.

22  DATED this 19th day of May, 2005.

23                                              RICARDO S. MARTINEZ
24                                              UNITED STATES DISTRICT JUDGE

25

26  ORDER
PAGE – 2